No. 7057.

## THE STATE, EX REL. SIDENER, *v.* WHITE ET AL.

SHERIFF.—*Failure to Levy Execution.*—*Liability on Bond.*—*To Whom Liable.*—
For failure to levy. an execution a sheriff and his sureties are not liable
to strangers to the writ who may suffer consequential injury—as to a
mortgagee of the debtor's lands, which, by reason of failure to levy on
chattels, results in a sale of the lands, thus depriving the mortgagee of
his security.

SAME.—*Bond.*—*Breach.*—*Pleading.*—A breach of a sheriff's bond for failure
to levy an execution on chattels, which fails to show that the chattels
were within the bailiwick and might have been seized, is not well assigned.

SAME.—*Trespass.*—An unlawful levy by a sheriff of an execution against
A. upon the property of B. is an official act, and a breach of the sheriff's
bond, for which B. may sue.

SAME.—*Complaint.*—If a paragraph of complaint on a sheriff's bond assign
several breaches, some good and some bad, a demurrer to the whole
paragraph should be overruled.

PLEADING.—*Duplicity.*—*Demurrer.*—Duplicity is not a cause for demurrer.

From the Shelby Circuit Court.

*T. N. Carr* and *B. F. Love,* for appellant.

*J. S. Scobey,* for appellees.

BICKNELL, C. C.—This was a suit upon a sheriff's bond,
against a sheriff and his sureties. The complaint was in three
paragraphs; the second was withdrawn.

The defendants jointly demurred to each paragraph of the
complaint, first, for want of facts sufficient, etc.; second, be-
cause each paragraph states several causes of action.

The defendants, except the sheriff, jointly demurred to each
paragraph of the complaint, first, for want of facts sufficient,
etc.; second, because each paragraph states several causes of
action.

These demurrers were sustained, the plaintiff refused to
amend, and judgment was rendered in favor of the defend-
ants upon the demurrers.

The plaintiff appealed. He assigns as errors the several
rulings of the court sustaining said demurrers.

The first paragraph of the complaint, after stating the of-

ficial character of the defendant Giles E. White, and the execution of the bond by him as sheriff and the other defendants as sureties, and that said White's official term began on November 30th, 1870, and ended on November 28th, 1872, states breaches of the condition of the bond, as follows:

1st. On February 13th, 1872, an execution came to said sheriff in favor of John E. Robins and against John J. Pavey, commanding him to make $2,479.32 by levy and sale of the goods and chattels of said Pavey; that Pavey then owned and possessed goods and chattels unencumbered equal in value to the full amount of said execution and the costs thereof, but said sheriff failed to levy said execution thereon, and negligently permitted said Pavey fraudulently to take said goods out of the State of Indiana, and beyond the reach of said execution, to wit, fifty head of mules and three head of horses, of the value of $5,300, and returned said execution unsatisfied.

2d. That said sheriff, on the 2d of March, 1872, had in his hands other and different executions in favor of sundry persons and against the said John J. Pavey, issued from the circuit and common pleas courts of Decatur county, commanding said sheriff to make the sum of $12,000, by levy and sale of the goods and chattels of the said John J. Pavey, who, at that time, owned and possessed goods and chattels of the full amount of said executions, and not more, and that said sheriff did not levy upon and sell part of said goods and chattels, to wit, fifty-five head of hogs, of the value of $250; four head of mules, of the value of $400; thirty head of sheep, of the value of $125; five head of cattle, of the value of $100; and forty-five acres of growing corn, of the value of $550; but said sheriff negligently permitted the said Pavey to sell or otherwise dispose of the same, and wrongfully returned said executions unsatisfied and unpaid.

3d. That said sheriff had in his hands sundry executions in favor of divers parties against the said John J. Pavey, commanding him to make the sum of $12,000 of the goods and chattels of said Pavey, and, under said executions, said sheriff

wrongfully and without right, levied upon the goods and chattels of plaintiff's relator, to wit, thirty-five head of hogs and twenty-four hundred bushels of corn, of the value of $900, and wrongfully and without right sold and disposed of the same, and converted the same to his own use.

4th. That said sheriff had in his hands several executions in favor of divers persons and against John J? Pavey, Ralph Pavey and James Pavey jointly, to the amount of $3,500; that said James Pavey and Ralph Pavey were then wholly solvent, and had and owned unencumbered personal property far exceeding the amount of said executions; that said sheriff failed to levy said executions upon the property of the said Ralph Pavey, but wrongfully levied all of them upon the property of said John J. Pavey and James Pavey, and upon the property of the plaintiff, and sold the same and wholly satisfied and discharged the said executions as to the said John J. Pavey, Ralph Pavey and James Pavey.

5th. That during the lifetime of all of said executions the said John J. Pavey was indebted to the plaintiff's relator, in the sum of $5,000; and after the rendition of the judgments on which said executions were issued, said Pavey mortgaged to said relator certain real estate owned by said Pavey; that when said mortgage was executed said Pavey was solvent, and owned real and personal property, besides said mortgaged property, enough to pay off all of said executions and all other liens, but "by said wilful and corrupt negligence of said sheriff in neglecting to levy upon said property, and in refusing to make any portion thereof of the property of said Ralph Pavey, and by wrongfully permitting said John J. Pavey to fraudulently dispose of his property, the assets of said John J. Pavey were sold and wrongfully wasted, squandered, wrongfully disposed of and reduced below the amount of said executions, so as to subject the land mortgaged to relator as aforesaid to the payment of said claims," and said sheriff, on May 11th, 1872, under said executions, levied upon and sold the said land so mortgaged to the relator, whereby

The State, *ex rel.* Sidener, *v.* White *et al.*

the relator lost his said debt; that said John J. Pavey is now wholly insolvent and a bankrupt, and the relator, by reason of said wrongful acts of said sheriff, has been put to great expense in paying attorneys' fees and costs of lawsuits, whereby he has been damaged $5,000, for which sum he demands judgment.

It will be observed that all the breaches assigned in the first paragraph of the complaint charge negligence in the sheriff, except the third breach, which alleges a trespass in levying upon plaintiff's property under an execution against Pavey. The statutory provision is that, when a sheriff neglects or refuses to levy upon and sell any property "when the same might have been done," he shall be liable upon his bond, etc. 2 R. S. 1876, p. 222, secs. 481, 485. To make a good cause of action under these statutes for a neglect to levy or a neglect to sell, the complaint must show that the property might have been levied on and sold.

The first paragraph of the complaint is in this respect defective. It alleges merely that Pavey owned and had in his possession such property, but it does not allege that such property might have been levied upon, or was at any time within the reach of the sheriff. It is not even shown that the property was in the bailiwick of the sheriff. But the principal difficulty in this action is that the plaintiff is not one of those for whose benefit the statutory liabilities of the sheriff on his bond were created. A suit upon such bond may be brought in the name of the State on the relation of the party interested. 2 R. S. 1876, p. 36, sec. 7.

The statutes have created a liability where there was none at common law; at common law no action could be maintained against a sheriff for neglect to return an execution, but under the statutes (secs. 481 to 485, 2 R. S. 1876, p. 222), such a suit may now be maintained upon the sheriff's bond by any party in interest. *State, ex rel.,* v. *Blanch,* 70 Ind. 204. The phrase "a party interested" is not defined or explained in any statute.

The condition of the sheriff's bond is that he shall faithfully discharge his duties as sheriff and pay over on demand to the

person entitled thereto all moneys which may come into his hands as such officer. Ordinarily, the duties of a sheriff, in reference to executions, are duties to the plaintiff and defendant in the suit, and their representatives. They are ordinarily the interested parties intended to be protected by the statutes, although, in a loose and general sense, it may be said that all the people are interested in the faithful performance of the duties of their public officers. The statutes provide that for a failure to levy and sell, when it may be done, the sheriff shall be liable on his bond in a sum not exceeding the amount necessary to satisfaction, with interest and ten per cent. damages. 2 R. S. 1876, secs. 481, 484 and 485. So, if he neglects or refuses on demand to pay over money collected on execution to the execution creditor, his agent or attorney, or to the execution debtor, when he is entitled thereto, he is liable on his bond for the amount thus withheld, with interest and ten per cent. damages. 2 R. S. 1876, secs. 483, 484, 485. So, if he neglects or refuses to return an execution, or makes a false return, he is liable on his bond for the amount which might have been levied, with interest and ten per cent. damages. 2 R. S. 1876, pp. 221, 222, secs. 482, 484 and 485. So, if he sells real estate otherwise than according to law, he is liable on his bond to the party injured for not less than $10 nor more than $200, in addition to such other damages as the party may have sustained. 2 R. S. 1876, p. 219, sec. 474. The "interested parties" protected by these statutes seem to be the parties to the suit or their privies, and the operation of these statutes ought not to be extended beyond their plain meaning.

In *Harrington* v. *Ward*, 9 Mass. 251, it was held that a sheriff is answerable for his negligence in the service of process in a civil action to none but the plaintiff or defendant in such action, and the court said: "The action is indeed of a new impression. We are all however clear in the opinion that it does not lie. No action lies against the sheriff, either for his own default, or for that of his deputy, but at the suit

of one to whom the sheriff is bound by the duty of his office. In relation to a suit pending, whether in the service of the original writ, the execution, or any intermediate process, he is answerable for his neglects to none but the plaintiff or defendant in such suit."

In the case of *Moulton* v. *Jose*, 25 Maine, 76, which was an action by a stranger to the writ against the sheriff, for failing to return the execution in proper time, and also for misrepresenting certain facts, the court said : " There would not seem to have been any privity of contract or obligation between him and the defendant. * * * It is believed it would be really a novelty for the plaintiff to be allowed to sustain this action under such circumstances."

The case of *Bank of Rome* v. *Mott*, 17 Wend. 554, was an action by the holders of mortgages on land against the sheriff, because the sheriff had an execution in favor of the Bank of Utica against the mortgagor, which he levied on goods and chattels of the mortgagor, of value more than sufficient to satisfy the execution, and so carelessly kept the property that it was removed, lost and destroyed, whereby the judgment of the Bank of Utica became a lien on the property mortgaged to plaintiffs, and they lost $1,000. This did not differ in principle from the cause of action stated in the fifth breach, assigned in the first paragraph of the complaint in the case at bar.

Cowen, J., delivering the opinion of the court, said : " It is clear that such an action will not lie. The acts of negligence were in executing the *fi. fa.* of the Bank of Utica, who alone can sue for negligence. * * * * Before a party can bring an action for negligence, he must show a legal duty to himself. It is not enough that in the careless discharge of his duty to one, the sheriff's negligence may glance off and indirectly and remotely work an injury to another. * * *. * If this action be maintainable, every creditor of McBride, of whose debt the sheriff was aware, might, for aught I see, sue him ; and if the plaintiff could persuade a jury to believe that by his misconduct, McBride was rendered less able to pay,

recover. The law can not, in such cases, look beyond the proximate mischief resulting to a vested right, or do more than redress that mischief at the suit of the person immediately wronged."

The first paragraph of the complaint in the case at bar was, for the reasons hereinbefore stated, clearly bad, and stated no cause of action as to any of the breaches except the third. Formerly, even the third breach would have been held insufficient, but the modern cases affirm that an action may be maintained on a sheriff's bond for a mere trespass, *colore officii*, such as levying on the goods of A. under an execution against B. *People, ex rel.,* v. *Schuyler,* 4 N. Y. 173; *State* v. *Moore,* 19 Mo. 369; *Commonwealth* v. *Stockton,* 5 T. B. Monroe, 192; *Carmach* v. *Commonwealth,* 5 Binney, 184. Under the authority of these cases the third breach was well assigned, and the demurrers for insufficiency being pleaded to the entire paragraph, a part of which alleged a good cause of action, said demurrers ought to have been overruled. The demurrers for duplicity should also have been overruled. *Johnson* v. *Crawfordsville, etc., R. R. Co.,* 11 Ind. 280.

The third paragraph of the complaint states, at greater length and with more particularity, substantially the same cause of action stated in the third breach assigned in the first paragraph of the complaint. The demurrers to it for insufficiency and for duplicity ought to have been overruled. For the error of the court in sustaining said demurrers the judgment of the court below ought to be reversed.

PER CURIAM.—It is therefore ordered, on the foregoing opinion, that the judgment of the court below be and it is hereby in all things reversed, at the costs of the appellees, and this cause is remanded, with instructions to the court below to overrule the demurrers to the complaint.