Filed Oct. 6, 1886.

---

No. 12,011.

Bixel v. Bixel.

CONVERSION.—*Personal Property.—Sale.—Misapplication of Proceeds.—Liability.*—Where one takes possession of and sells personal property at the direction of the owner, but fails to properly apply or misapplies the proceeds, there is no conversion of the property, and his liability must be predicated on the misapplication or conversion of the proceeds.

SAME.—*Complaint.—Evidence.*—Under a complaint charging a conversion of property merely, there can be no recovery for a misapplication or conversion of the proceeds of a sale of the property, and evidence of a conversion or misapplication of the proceeds is not admissible.

PLEADING.—*Forms of Action.*—*Recovery.*—The code of this State consoli-
dates all forms of action into one denominated a civil action, but that
does not affect the remedy nor authorize a recovery beyond the case
made by the complaint.

From the Marshall Circuit Court.

*E. C. Martindale* and *V. Kirk*, for appellant.

*M. A. O. Packard, O. M. Packard* and *A. C. Capron*, for
appellee.

ZOLLARS, J.—Appellant charges in his complaint, that in
the year 1878 appellee wrongfully and unlawfully took pos-
session of, and converted to his own use, wheat, corn, horses,
hogs, cattle, a wagon, harness, and $120 in money, the prop-
erty of appellant.

In his answer, appellee admits that he received from appel-
lant the property described in the complaint, except the money,
which he denies having received, and avers that the number
of bushels of wheat and corn is overstated in the complaint.
It is further averred in the answer, that appellant, being com-
pelled to be absent, put the property into the possession of
appellee, with instructions to care for and sell it, and apply
the proceeds in payment of appellant's debts; that he did sell
it, with the exception of some of the hogs that died, and
applied the proceeds as directed.

The evidence, is such as to make it incumbent upon this
court to accept as an established fact, that appellee did not
take possession of the property in 1878, either wrongfully or
unlawfully, but, on the contrary, took possession of and sold
it by the direction of appellant.

The case is prosecuted and defended upon two theories.
Appellant contends that notwithstanding the fact that the
possession and sale of the property by appellee were with his
consent and under his direction, he may recover in this ac-
tion the value of the property, because it is not shown that
appellee applied the proceeds of the sales to the payment of
his, appellant's debts.

Appellee's contention is, that the gravamen of the action is the wrongful conversion of the property, and not of the proceeds of the sales thereof, and that hence appellant can not recover in this action, because it is not shown that the possession and sale of the property were wrongful.

But for the code abolishing distinct forms of action, this would be an action of trover. In such a case, the plaintiff, in order to recover, must show that the property described in the declaration has been wrongfully converted by the defendant. It has been said that where there has been such a conversion by a sale of the property, the plaintiff may maintain trover, or he may dispense with the wrong and suppose the sale made by his consent, and bring an action for the money for which the property was sold, as money received to his use. Cooley Torts, pp. 92–3; *Murray* v. *Burling*, 10 Johns. 172. Both of these remedies could not be sought in the same action. *Palmer* v. *Jarmain*, 2 M. & W. 282.

. The holding in that case is correctly stated in the syllabus, as follows: "If a party, authorized by the holder of a bill of exchange to get it discounted, and to apply the proceeds in a particular way, does get it discounted, but misapplies any part of the proceeds, he can not be sued in trover for the bill, but must be sued for money had and received."

The case of *Goss* v. *Emerson*, 3 Foster (N. H.) 38, was for the alleged conversion of promissory notes. The notes were placed in the hands of the defendant as collateral security. He transferred the notes to another, who collected them. It was held, that as the defendant came rightfully into the possession of the notes, and had a right to transfer his interest in them, he could not be made liable for what had been collected upon them in an action of trover for their wrongful conversion. It was said: "It is the written instrument, and not the money due on it, the security and not the debt, that is the subject of the action." See, also, 6 Wait Actions and Def., p. 183; *Hodges* v. *Lathrop*, 1 Sandf. 46; *Kellogg* v. *Fox*, 45 Vt. 348.

The case of *Laverty* v. *Snethen*, 68 N. Y. 522 (23 Am. R. 184), cited by counsel for appellant, is not opposed to the above cases, but in harmony with them. In that case it was said: "The result of the authorities is that if the agent parts with the property, in a way or for a purpose not authorized, he is liable for a conversion, but if he parts with it in accordance with his authority, although at less price, or if he misapplies the avails, * * * he is not liable for a conversion of the property, but only in an action on the case for misconduct."

If a person, having authority from the owner to sell the property and apply the proceeds, sells the property, and misapplies or converts the proceeds, he is liable for such misapplication or conversion, but does not became a wrong-doer *ab initio*. .

In the possession and sale of the property, appellee was in no way a wrong-doer, because he was acting under authority from appellant. His wrong, if he was in fact guilty of any wrong, was in not applying the proceeds of the sale as directed, and that wrong was subsequent to the possession and sale. He is not, therefore, liable for having converted the property. As we have said, the code consolidated all forms of action into one, denominated a civil action, but that does not affect the remedy, nor does it authorize a recovery in any case beyond the case made by the complaint. The code requires that the complaint shall contain a statement of the facts constituting the cause of action, in plain and concise language (R. S. 1881, section 338), and it has always been held that the plaintiff must recover *secundum allegata et probata*, or not at all. *Jeffersonville, etc., R. R. Co.* v. *Worland,* 50 Ind. 339; *Paris* v. *Strong*, 51 Ind. 339; *Boardman* v. *Griffin*, 52 Ind. 101; *Louisville, etc., R. W. Co.* v. *Godman,* 104 Ind. 490 (494); *Brown* v. *Will*, 103 Ind. 71; *Hasselman* v. *Carroll*, 102 Ind. 153; *Cleveland, etc., R. W. Co.* v. *Wynant*, 100 Ind. 160.

In this case, the complaint charges a conversion of the

property and nothing more. There is no charge nor intimation, that appellee converted the proceeds of the sale of the property. There not only having been no proof of a conversion of the property, but proof to the contrary, appellant was not and is not entitled to recover. For the purpose of showing that appellee had not applied the proceeds of the sale of the property as directed, appellant offered to prove by his own testimony the amount of his indebtedness when he left, and the amount when he returned, after appellee had sold the property. There was no error in excluding the offered testimony, for the reason that it was immaterial, there being no issue to which it was applicable.

Appellee's answer was in the nature of an argumentative denial, and in no event would it change the case as made by the complaint. See *Leary* v. *Moran*, 106 Ind. 560.

The court below adopted appellee's theory as to the nature of the case, and charged the jury, that if they should find from the evidence that appellant placed the property in the care and custody of appellee, with instructions to sell it and apply the proceeds to the payment of his, appellant's, debts, and that appellee sold it, there could be no recovery in appellant's favor, although appellee may have failed to apply the proceeds as directed; in short, that under the allegations of the complaint, appellant must recover for a conversion of the property or not at all, and that a failure to properly apply, or a misapplication of the proceeds of the sale of the property, did not amount to a conversion of the property.

These instructions were all proper and applicable to the case as made by the complaint and the evidence. Appellant's instructions upon the opposite theory were properly refused.

Complaint is made that the court did not fully and definitely define to the jury the meaning of the term *conversion*. If appellant desired fuller instructions, he should have asked them. *Powers* v. *State*, 87 Ind. 144.

It is contended further, that the judgment against appellant for costs should be reversed, because the evidence shows

that appellee, without authority so to do, sold some of appellant's wheat in 1879. A sufficient answer is, that the complaint does not charge any such sale, and the evidence shows that the same was authorized or ratified by appellant.

We have examined all of the questions discussed by appellant's counsel, and find no error presented by the record that would justify a reversal of the judgment.

Judgment affirmed, with costs.

Filed Oct. 5, 1886.