Thomas Tindle et al., Respondents, v. Clarence T. Birkett,
Appellant.

Bankruptcy — Fraud — When Claim for Goods Obtained under
False Statement Released by Discharge in Bankruptcy.　Where
an action is brought to recover damages which the plaintiffs claim to
have sustained in consequence of specified false and fraudulent represen-
tations, alleged to have been made by the firm of which the defend-
ant is the survivor, to the representatives of two mercantile agencies,
concerning the assets and financial responsibility of the firm, upon the
strength of which the mercantile agencies issued reports by which the
plaintiffs claim they were deceived into selling defendant's firm goods
which they would not otherwise have sold to it, the debt upon which
the claim of the plaintiffs is founded clearly falls within the category
of provable debts enumerated in section 63a of the Bankruptcy Act
of 1898; and where the defendant, before the commencement of the
action, has obtained a discharge in bankruptcy under section 17 of the
act and interposes such discharge as a defense, the action cannot be
maintained and the complaint must be dismissed, since, under section 17,
as construed by the Supreme Court of the United States (*Crawford* v.
*Burke*, 195 U. S. 176), a discharge in bankruptcy releases a bankrupt from
all of his provable debts, including those arising from, or based upon, his
fraud or deceit, or willful and malicious injuries to the person or property
of another, except where such debts have been reduced to judgment
before his discharge in bankruptcy.

*Tindle* v. *Birkett*, 93 App. Div. 606, reversed.

(Argued November 24, 1905; decided December 5, 1905.)

Appeal from a judgment of the Appellate Division of the
Supreme Court in the fourth judicial department, entered
April 9, 1904, affirming a judgment in favor of plaintiffs
entered upon a decision of the court at a Trial Term without
a jury.

The nature of the action and the facts, so far as material,
are stated in the opinion.

*John H. Gleason* and *Thomas Carmody* for appellant.
The claim in suit was provable in the bankruptcy proceedings
of the defendant, and, not having been reduced to judgment,
is barred by the defendant's discharge. (*Crawford* v. *Burke*,
195 U. S. 176; *Smith* v. *Lambert*, 11 Am. Bank. Reg. 252;

*Morse* v. *Kaufman*, 7 Am. Bank. Reg. 549; *Matter of Bullis*, 68 App. Div. 508; 171 N. Y. 689.)

*Frank Gibbons* for respondents. These being causes of action for fraud and deceit were not discharged by the discharge in bankruptcy which the defendant obtained. (*Frey* v. *Torrey*, 70 App. Div. 166; 175 N. Y. 501; *W. C. Co.* v. *Hall*, 75 App. Div. 201; *Hyde* v. *Lesser*, 93 App. Div. 320.) The case of *Crawford* v. *Burke* is not an authority in the case at bar. The court there simply referred to that class of actions in assumpsit alleged to have been in some manner fraudulent, such as under the act of 1867 were held to be exempt from discharge; not to actions for damages like this. This action seems to come directly within the argument so clearly and forcibly stated by the same court in another case. (*Strang* v. *Bradner*, 114 U. S. 555.)

WERNER, J. This action was brought to recover damages which the plaintiffs claim to have sustained in consequence of specified false and fraudulent representations, alleged to have been made by the firm of which the defendant is the survivor, to the representatives of two mercantile agencies, concerning the assets and financial responsibility of that firm, upon the strength of which these mercantile agencies issued reports by which the plaintiffs say they were deceived into selling defendant's firm goods which they would not otherwise have sold to it. The general question whether such representations, when properly proved, establish a cause of action for fraud and deceit was decided in favor of plaintiffs upon a former appeal to this court. (171 N. Y. 520.) Since then the case has been retried, and a judgment for the plaintiffs, entered at the Trial Term, has been unanimously affirmed in the Appellate Division.

One of the defenses interposed by the defendant to the plaintiffs' claim was, that it had been barred by a discharge in bankruptcy proceedings which had been instituted against defendant's firm and prosecuted to a final adjudication, resulting in a discharge from all debts save such as are by law excepted

from the operation of a discharge in bankruptcy. The issue thus joined by this plea of the defendant was met by the rejoinder of the plaintiffs to the effect that their cause of action was not one which could be discharged in bankruptcy proceedings. As the decision upon this issue depends wholly upon the construction of the statute familiarly known as the Bankruptcy Act of 1898, a question of law is presented which survives the unanimous affirmance below and is reviewable upon this appeal.

The section (17) of that act which covers the case here presented provides that "A discharge in bankruptcy shall release a bankrupt from all his provable debts except such as \* \* \*. 2. Are judgments in actions for fraud, or obtaining property by false pretenses, or false representations, or for wilful or malicious injuries to the person or property of another \* \* \*. 4. Were created by his fraud, embezzlement, misappropriation or defalcation while acting as an officer or in any fiduciary capacity."

Since the debt upon which the claim of the plaintiffs is founded clearly falls within the category of provable debts enumerated in section 63a of the Bankruptcy Act, it is quite as clearly covered by the discharge in bankruptcy unless the fact that the debt originated in fraud excludes it from the operation of the discharge. If it were an open question whether debts of this class are included in or excluded from the debtor's discharge in bankruptcy, the very interesting brief of counsel for the respondents would furnish much material for discussion. But the question has been finally and authoritatively decided by the Supreme Court of the United States in the case of *Crawford* v. *Burke* (195 U. S. 176), and that decision we must follow regardless of any differences of opinion that might otherwise have obtained.

That was an action in trover, instituted in the State of Illinois, to recover damages for the fraudulent conversion of certain shares of stock. The defendants pleaded their discharge in bankruptcy. Notwithstanding this plea the plaintiffs recovered a judgment which was affirmed by the Supreme

Court of Illinois, and thereafter reversed by the Supreme Court of the United States. The latter court held that Burke's claim against Crawford and Valentine, although sounding in tort, was one "founded upon an open account, or upon a contract express or implied," and might have been proved under section 63, subdivision a, of the Bankruptcy Act, if Burke had chosen to waive the tort and take his place with the other creditors of the estate.

By the mandate of section 17, above referred to, a discharge in bankruptcy relieves the bankrupt from all his provable debts, except (2) judgments in actions for frauds, or obtaining money by false pretenses, or false representations, or for willful and malicious injuries to the property or person of another-(4) or such other debts as were created by his fraud, embezzlement, misappropriation or defalcation while acting as an officer, or in any fiduciary capacity. In construing this language and determining its effect upon just such a situation as is presented in the case at bar, the Federal Supreme Court said: "The fact that the second subdivision of section 17 excepted from the discharge 'all judgments in actions for frauds, or of obtaining property by false pretenses, or false representations,' indicates quite clearly that as to frauds in general it was the intention of Congress only to except from the discharge such as had been reduced to judgment, unless they fall within the fourth subdivision, of those created by the fraud, embezzlement, misappropriation, or defalcation of the bankrupt while acting as *an officer or in a fiduciary capacity.* Unless these words relate back to all the preceding words of the (4th) subdivision, namely, the frauds and embezzlements, as well as misappropriations or defalcations, it results that the exception in subdivision 2 of all judgments for fraud is meaningless, since such judgments would be based upon a fraud excepted from discharge by subdivision 4, whether judgment had been obtained or not. * * * The contention that 'fraud' should be segregated from the qualifying language 'while acting as an officer or in any fiduciary capacity' is without merit. Such interpretation would not only destroy the gram-

matical construction of the sentences and contravene their plain meaning, but it would likewise be inconsistent with paragraph 2 of the same section — that a creditor should have obtained judgment in an action for fraud in order to override a discharge in bankruptcy. * * * If any debt created by fraud, embezzlement or misappropriation is to be excepted from the application of the statute, then there is no necessity for subdivision 2, making a judgment essential to prevent the granting of the discharge under the statute. * * * Why an ordinary claim for fraud should be released by the discharge, while a judgment for fraud is not released, is not altogether clear, although this distinction may have been created to avoid the necessity of going into conflicting evidence upon the subject; while in cases of judgments for fraud the judgment itself would be evidence of the fraudulent character of the claim. If a creditor has a claim against a debtor for goods sold, which would ordinarily be covered by a discharge in bankruptcy, he is strongly tempted to allege, and if possible to prove, that the goods were purchased under a misrepresentation of the assets of the buyer, and thus to make out a claim for fraud which would not be discharged in bankruptcy. It was probably this contingency which induced Congress to enact that an alleged fraud of this kind should be reduced to judgment before it could be set up in bar of a discharge."

Much more might be quoted from the exhaustive opinion in *Crawford* v. *Burke* to show the reasons for the conclusion reached, but we have extracted enough therefrom to clearly indicate that the precise question here involved was there decided.

It follows, therefore, that *Frey* v. *Torrey* (70 App. Div. 166; affd., 175 N. Y. 501) must be considered as overruled; the judgment herein of the courts below must be reversed, and the complaint dismissed, with costs to the appellant in all courts.

CULLEN, Ch. J., GRAY, O'BRIEN, BARTLETT, HAIGHT and VANN, JJ., concur.

Judgment reversed, etc.