(114 App. Div. 776)

### FECHTER v. POSTEL.

(Supreme Court, Appellate Division, Second Department.  July 24, 1906.)

BANKRUPTCY—DISCHARGE—LIABILITIES DISCHARGED—JUDGMENT IN CONVERSION.

    A judgment in an action of conversion, founded on contract express or implied, is provable against a bankrupt's estate, and is released by his discharge.

Appeal from Special Term, Kings County.

Action by Benny Fechter against Jacob Postel. From an order canceling and discharging of record a judgment in favor of plaintiff against the defendant, and dismissing proceedings supplementary to execution issued thereon, plaintiff appeals. Affirmed.

Argued before HIRSCHBERG, P. J., and WOODWARD, JENKS, HOOKER, and GAYNOR, JJ.

M. H. Newman, for appellant.
Isidore Hershfield, for respondent.

HIRSCHBERG, P. J. The order appealed from was properly granted. The judgment which the order cancels was rendered in the Municipal Court of the city of New York in an action for conversion. Thereafter the judgment debtor, the defendant herein, duly filed a voluntary petition in bankruptcy, was adjudged a bankrupt; and was discharged from all his debts provable in that proceeding. The judgment in question was duly scheduled in his petition, and he was dis-

charged from all liability on the judgment, provided the debt upon which it was founded is a debt provable in bankruptcy, and not excepted from the provisions which release the bankrupt from liability on his discharge.

The case of Watertown Carriage Co. v. Hall, 176 N. Y. 313, 68 N. E. 629, is an authority to the effect that such a debt is not released by a discharge in bankruptcy under the terms of the national bankruptcy law. The decision in that case, however, was based upon the cases of Frey v. Torrey, 70 App. Div. 166, 75 N. Y. Supp. 40, affirmed on opinion below 175 N. Y. 501, 67 N. E. 1082, and Crawford v. Burke, 201 Ill. 581, 66 N. E. 833. Since that decision, however, the Illinois case has been reversed by the Supreme Court of the United States (see Crawford v. Burke, 195 U. S. 176, 25 Sup. Ct. 9, 49 L. Ed. 147), and the rule has been therein established that a debt founded upon contract express or implied is provable against the bankrupt's estate, notwithstanding the fact that the creditor may have elected to bring his action in trover as for a fraudulent conversion instead of in assumpsit. In Tindle v. Birkett, 183 N. Y. 267, 271, 76 N. E. 25, it was recognized that the case of Frey v. Torrey, supra, must be considered as overruled by the federal decision in Crawford v. Burke, supra. It follows that a claim for conversion is provable and dischargeable.

The order should be affirmed, with $10 costs and disbursements. All concur.