## The State of Indiana, ex rel. Wheatley, v. Beck, Sheriff, et al.

[No. 21,640.    Filed January 25, 1911.    Rehearing denied March 7, 1911.]

1. MANDAMUS.— *Sheriffs.— Levying Executions.— Answers.— Discharge in Bankruptcy.—Pleadings.*—In an action to mandate a sheriff to levy an execution upon certain property belonging to the execution defendant, answers by such sheriff and such defendant that such defendant was discharged in bankruptcy from the payment of the judgment on which the execution was issued should set out the pleadings in the action in which the judgment was rendered, such pleadings being necessary to enable the court to determine whether the judgment was dischargeable in bankruptcy; and an allegation in the answers that the judgment "was not rendered in an action for fraud," would not add any efficacy thereto. p. 313.

2. BANKRUPTCY.—*Discharge.—Judgment for Conversion.—Agency.* —A judgment in an action for conversion against an agent for the wrongful appropriation to his own use of money received by him from the sale of livestock which he was authorized to sell, is dischargeable in bankruptcy. p. 315.

3. MANDAMUS.—*When Issued.—Other Legal Remedy.*—A writ of mandate should issue only in cases where there is a clear legal right to the thing demanded, and where there is no other adequate legal remedy. p. 318.

4. OFFICERS.—*Sheriffs.*—*Failure to Levy Execution.*—*Liability.*— *Contempt.*—A sheriff is liable for contempt of court, as well as upon his official bond, for neglect or refusal to levy an execution where a levy could be made. p. 318.

From Tipton Circuit Court; *Leroy B. Nash,* Judge.

Action by The State of Indiana, on the relation of Dora Wheatley, against Frederick W. Beck, as sheriff of Tipton county, and another. From a judgment for defendants, plaintiff appeals. *Affirmed.*

*Oglebay & Oglebay,* for appellant.
*Gifford & Gifford,* for appellees.

Cox, J.—Relatrix filed her petition in the Tipton Circuit Court on May 3, 1909, for an alternative writ of mandate, directing appellee Beck, as sheriff of that county, to levy an execution then in his hands on personal property and on certain lands of appellee Johnson, to sell them, and apply the proceeds to the payment and satisfaction of an unpaid judgment held by relatrix against said Johnson, upon which judgment the execution had been duly issued. The alternative writ was issued. Upon his own application Johnson was admitted as a party defendant, and answered. Appellee Beck filed an answer and return to the complaint. Relatrix's demurrers for want of facts, addressed to these answers, were overruled, she refused to plead further, and judgment was rendered for appellees and against relatrix for costs. The overruling of these demurrers is the basis of appellant's assignment of errors in this court.

The answers of appellees, which appellant in this appeal is contending should have been held insufficient by the trial court, are substantially alike. It will serve no good purpose to set them out in full in this opinion. They admit the execution in the hands of sheriff Beck, and the existence of the judgment in question; that the judgment was rendered against Johnson in the Tipton Circuit Court in the year 1900, at the suit of Frank J. Wheatley; that it was for the sum of $313.50 damages and

costs, and "without relief from valuation laws, and without benefit of exemption laws;" that on March 23, 1909, it was duly assigned of record to the relatrix. Appellees show by proper averments that the judgment was duly rendered after the trial of an issue formed by general denial of a complaint alleging that on August 15, 1899, plaintiff executed to defendant his promissory note, calling for $200, payable at the State Bank of Sheridan, Indiana, 120 days after date, with interest and attorneys' fees; that before the maturity thereof defendant sold and transferred said note to Robert Picken, and others; that in October, 1899, plaintiff was the owner of twenty-two calves, which he authorized defendant, as his agent, to sell, and apply the proceeds to the payment of the note hereinbefore described, the remainder to be paid to plaintiff, or as he might direct; that the defendant sold the calves to Lem Scott for $420, and received from Scott the payment therefor; that defendant refused to pay said note or any part thereof; that he still retains the $420, and has converted it to his own use, to plaintiff's damage in the sum of $1,000. Wherefore, he demands judgment for $1,000 damages and for all other and proper relief. The answers show further that thereafter, on March 27, 1901, Johnson filed his petition in bankruptcy in the district court of the United States for the district of Indiana, and was duly adjudged a bankrupt; that all the necessary intervening steps were taken; that Johnson was discharged as such bankrupt "from all his personal obligations and liabilities," and that the land sought to be levied on and sold was acquired by Johnson after his discharge in bankruptcy.

The one question seriously presented for determination in this appeal is whether the discharge in bankruptcy of appellee Johnson released him from the payment of the judgment set out in the foregoing answers under section seventeen of the federal bankruptcy act of 1898 (U. S. Comp. Stat. [1901] p. 3428, 30 Stat. 551) which reads as follows: "A discharge

in bankruptcy shall release a bankrupt from all provable debts except * * * judgments in actions for fraud."

Preliminary to the discussion of this question, however, appellant's counsel earnestly and ably insist that these answers are bad, because neither of them contains the direct allegation that the judgment therein set forth, and upon which the execution involved in this case was issued, " was not rendered in an action for fraud," and at the same time urge that setting out at length in these answers the complaint on which the judgment was rendered made the answers objectionable. Neither of these contentions can be approved. The very life of the answers depended upon the character of the judgment, and that is to be ascertained from the pleadings in the action in which it was rendered. Where the pleadings are not ambiguous, or equivocal as to the character of the action, they are the only means of determining the nature of the action and the character of the judgment. *Furry* v. *O'Connor* (1891), 1 Ind. App. 573, 580; *Smith* v. *Wood* (1882), 83 Ind. 522, 524; *Gentry* v. *Purcell* (1882), 84 Ind. 83, 84. The direct allegation that the judgment " was not rendered in an action for fraud," would, to say the least, not add anything to the strength of the answers. The existence of fraud or the absence of it, as being the foundation of the action on which the judgment was based, must appear from the complaint and the issue joined upon it, and that could properly be shown by setting the complaint out in the answers, as was done.

Appellant can fare no better in the determination of the main question before stated. Counsel for appellant say in their brief that their action " is predicated upon subdivision two, section seventeen of said act, which provides that judgments rendered in actions for fraud are not released by the discharge of the defendant in bankruptcy." They further state that " Johnson converted the money of Wheatley to his own use, and the judgment was rendered in an action against him for his fraud." It is

obvious that the cause of action on which the judgment was rendered primarily grew out of contractual relations, and that whatever fraud attached itself to it was involved in the wrongful application or conversion of the proceeds of the sale. Wheatley had his election of remedies, and could have sued on contract or for the tort. *Terrell* v. *Butterfield* (1883), 92 Ind. 1, 10; *Kidder* v. *Biddle* (1895), 13 Ind. App. 653, 660; *Rauh* v. *Stevens* (1899), 21 Ind. App. 650; *Bixel* v. *Bixel* (1886), 107 Ind. 534, 536; *Crawford* v. *Burke* (1904), 195 U. S. 176, 25 Sup. Ct. 9, 49 L. Ed. 147. There was no wrong in the beginning of the transaction, and the action was not and could not have been for the conversion of the twenty-two calves, which, as alleged in the complaint, plaintiff authorized defendant, as his agent, to sell and apply the proceeds to the payment of the note, for the complaint shows that the calves were sold by defendant, as he was authorized to do, and that the proceeds were not applied as agreed, but were converted by defendant. In the case of *Bixel* v. *Bixel, supra,* it was said on page 537: " In the possession and sale of the property, appellee was in noway a wrongdoer, because he was acting under authority from appellant. His wrong, if he was in fact guilty of any wrong, was in not applying the proceeds of the sale as directed, and that wrong was subsequent to the possession and sale. He is not, therefore, liable for having converted the property." The fraud which would keep a judgment in force against a discharged bankrupt, within the exception of the provision of the bankruptcy act before set out, must be fraud in the inception. " If the original debt arose in contract and the fraud was but an incident and not its creative power, the debt is merged in the judgment and the bankrupt released thereafter." Collier, Bankruptcy (8th ed.) p. 319. See Brandenburg, Bankruptcy (3d ed.) §435; *Landgraf* v. *Griffith* (1908), 41 Ind. App. 372.

In the case of *Crawford* v. *Burke, supra,* it is held that if a debt originates in, or is founded upon, a contract, express

or implied, it is provable against the bankrupt's estate, though the creditor may elect to bring his action in trover as for a fraudulent conversion, instead of in assumpsit on the contract. In the case of *Fechter* v. *Postel* (1906), 114 App. Div. 776, 100 N. Y. Supp. 207, 17 Am. Bankr. Rep. 316, Fechter recovered a judgment in an action for conversion against Postel, and subsequently Postel filed his petition in bankruptcy and was duly discharged, and it was held that the judgment was founded on a provable debt and was not excepted, by clause two heretofore quoted, from the provisions which release the bankrupt from liability on his discharge. In reaching this conclusion the court said: " A debt founded upon contract, express or implied, is provable against the bankrupt's estate, notwithstanding the fact that the creditor may have elected to bring his action in trover as for a fraudulent conversion instead of in assumpsit." See, also, to the same effect, the following cases: *Lewis* v. *Shaw* (1907), 122 App. Div. 96, 106 N. Y. Supp. 1012, 19 Am. Bankr. Rep. 866; *Tindle* v. *Birkett* (1905), 183 N. Y. 267, 76 N. E. 25, 15 Am. Bankr. Rep. 179; *Maxwell* v. *Martin* (1909), 130 App. Div. 80, 114 N. Y. Supp. 349, 22 Am. Bankr. Rep. 93; *In re Ennis & Stoppani* (1909), 171 Fed. 755, 22 Am. Bankr. Rep. 679, 681. On this question, in Collier, Bankruptcy (8th ed.) pp. 315, 316, it is said: " Indeed the courts have already established this doctrine so firmly as to make it one of the few settled questions under the law. * * * Thus, dischargeability will be decreed in all cases, such as those of agents, brokers, factors, auctioneers and the like. * * * Any claim or judgment rendered thereon for the conversion of personal property, possession of which was not obtained by false representations or pretenses, is released by the bankrupt's discharge."

It is manifest that the trial court did not err, as contended, in its rulings on the sufficiency of these answers.

Moreover, it is the law that mandate is a writ which, to

a certain extent, the court has a discretion in awarding, and it is only available where there is a clear legal right, and where no other adequate legal remedy exists. *State, ex rel.*, v. *Bever* (1896), 143 Ind. 488, 492; *State, ex rel.*, v. *Board, etc.* (1904), 162 Ind. 580; *Western Union Tel. Co.* v. *State, ex rel.* (1905), 165 Ind. 492, 3 L. R. A. (N. S.) 153; *Couch* v. *State, ex rel.* (1907), 169 Ind. 269, 124 Am. St. 221; *State, ex rel*, v. *Cummins* (1908), 171 Ind. 112; *Town of Windfall City* v. *State, ex rel.* (1909), 172 Ind. 302; High, Ex. Legal Rem. (3d ed.) §§6, 9, 10.

It would seem that the relatrix had other adequate remedies, if she had a clear legal right to have the execution in question levied on the property of Johnson and a sale had thereunder, as §826 Burns 1908, §783 R. S. 1881, provides that "if any sheriff shall neglect or refuse to levy upon or sell any property justly liable to execution when the same might have been done, he shall be amerced to the value of such property, not to exceed the amount necessary to satisfy the execution." See the following cases which have recognized the liability of a sheriff under this section: *State, ex rel.*, v. *Buckles* (1893), 8 Ind. App 282, 52 Am. St. 476; *Terrell* v. *State, ex rel.* (1879), 66 Ind. 570; *State, ex rel.*, v. *Hawkins* (1882), 81 Ind. 486; *State, ex rel.*, v. *Harper* (1889), 120 Ind. 23; *State, ex rel.*, v. *White* (1883), 88 Ind. 587.

"Where an officer fails or refuses to perform his duty in regard to the execution of process, the party injured may proceed against him by an action on the case for damages, or by an attachment for contempt of court." 25 Am. and Eng. Ency. Law (2d ed.) 688, 689. See, also, *State, ex rel.*, v. *Craft* (1880), 17 Fla. 722; *Armstrong* v. *Stansel* (1904), 47 Fla. 127, 36 South. 762; *Matthews* v. *Nance* (1897), 49 S. C. 389, 27 S. E. 408; *McFarlan* v. *State* (1897), 149 Ind. 149; 26 Cyc. 213.

Judgment affirmed.