(156 App. Div. 497.)

### WOOD v. FISK et al.

(Supreme Court, Appellate Division, First Department.  May 2, 1913.)

1. BANKRUPTCY (§ 421*)—CLAIMS PROVABLE—DISCHARGE IN BANKRUPTCY—EVIDENCE.

A claim against a pledgee of certificate of stock with the right to rehypothecate it for not more than the indebtedness of the pledgor, based on the pledgee rehypothecating it for an amount in excess of the pledgor's indebtedness a month before the pledgee was adjudged a bankrupt, and refusing to deliver the certificate in possession of the receiver in bankruptcy to the pledgor on tender of payment of his debt and is predicated on the pledgee's breach of contract, and not for conversion sought to be established by the tender, demand, and refusal, and is provable in bankruptcy within Bankr. Act (Act July 1, 1898, c. 541, § 63a, 30 Stat. 562 [U. S. Comp. St. 1901, p. 3447]), providing that debts which are a fixed liability as evidenced by an instrument in writing or founded on a contract, are provable, and under section 17 is discharged by the pledgee's discharge in bankruptcy.

[Ed. Note.—For other cases, see Bankruptcy, Cent. Dig. §§ 772–774, 776, 777, 779–781, 783–786, 788–790; Dec. Dig. § 421.*]

2. BANKRUPTCY (§ 318*)—PROVABLE CLAIMS—BREACH OF CONTRACT.

A claim for breach of contract may be proved in bankruptcy, though the time for performance had not arrived when the petition in bankruptcy was filed.

[Ed. Note.—For other cases, see Bankruptcy, Cent. Dig. §§ 481, 482; Dec. Dig. § 318.*]

3. CONTRACTS (§ 314*)—BREACH OF CONTRACT—ACCRUAL OF CAUSE OF ACTION.

Where a party to an executory contract puts it out of his power to perform, there is an anticipatory breach which gives the other party an immediate right of action for the damages sustained.

[Ed. Note.—For other cases, see Contracts, Cent. Dig. § 1446; Dec. Dig. § 314.*]

4. PLEDGES (§ 48*)—CONVERSION.

A claim for conversion is predicated on a wrongful assumption of ownership or interference with the owner's right to possession, and a tender by a pledgor of the amount due, and a demand of the return of the pledge, made when the pledgor knows that the law renders it impossible for the pledgee to accept the tender or comply with the demand, do not show a conversion.

[Ed. Note.—For other cases, see Pledges, Cent. Dig. §§ 113–117; Dec. Dig. § 48.*]

Scott, J., dissenting.

Appeal from Special Term, New York County.

Action by William C. H. Wood against Harvey E. Fisk and another.  From a judgment of dismissal entered on decision after trial, plaintiff appeals.  Affirmed.

---

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

Argued before INGRAHAM, P. J., and McLAUGHLIN, LAUGHLIN, CLARKE, and SCOTT, JJ.

C. H. Payne, of New York City, for appellant.
A. Leo Everett, of New York City, for respondents.

McLAUGHLIN, J. Action to recover damages for the alleged conversion of certain certificates of stock of the plaintiff pledged as collateral to secure the payment of a note for $39,000. The defense was a discharge of the defendants in bankruptcy. The complaint was dismissed after trial at Special Term, and from the judgment entered upon a decision to that effect plaintiff appeals.

There is little or no dispute as to the facts involved. They are, in substance, that on the 20th of January, 1910, the defendants loaned to the plaintiff $39,000, for which he gave to them his promissory note for that amount, payable to their order on the 21st of March following; that at the same time he delivered to them, as collateral security for the payment of the note, certificates representing 100 shares of the common stock of the Baltimore & Ohio Railroad Company and 201 shares of the common stock of the Union Pacific Railroad Company, under an agreement which formed part of the note, to the effect that the defendants might rehypothecate the collateral for a sum not greater than the amount of the indebtedness owing by the plaintiff at the time of the rehypothecation; that intermediate the giving of the note and the 1st of February, 1910, they did rehypothecate the certificates for an amount in excess of the plaintiff's indebtedness; that on the latter date a petition in involuntary bankruptcy was filed against the defendants and a receiver appointed; that one month later they were adjudicated bankrupts, and on the 12th of July, 1910, were discharged from all provable claims; that this plaintiff did not prove, in the bankruptcy proceeding, a claim for the collateral pledged, but instead on the date of the maturity of the note (March 21, 1910) tendered to the defendants, personally, $39,000, and demanded the return of his note and the certificates; that at the time the demand was made the receiver in the bankruptcy proceeding was acting and all of the defendants' rights to the note and the collateral had prior to such demand passed to and were then held by the receiver so that defendants were physically unable to comply with the demand; and that no tender of payment of the note was ever made to the receiver, or demand made upon him, for the return of the collateral, and the note still remains unpaid.

Upon the foregoing facts, the plaintiff claims he was entitled to recover for a conversion of the certificates by reason of the defendants' failure to return the same on demand; that his damages were the market value of the stock at the time the demand was made, together with the dividends, which had been made thereon after the same were pledged, amounting in all to $49,214.25, besides interest. The trial court, as indicated, dismissed the complaint and the question presented is whether in any view of the evidence the plaintiff

was entitled to recover. The answer to this question necessarily turns upon whether plaintiff's claim, as now presented, or the defendants' liability therefor, were discharged by the bankruptcy proceeding.

[1] It appears that the plaintiff had actual knowledge of the proceeding, and could have proved his claim had he so desired. It was therefore discharged (section 17, Bankr. Act [Act July 1, 1898, c. 541, 30 Stat. 550, 551 (U. S. Comp. St. 1901, p. 3428)]) if "provable." Was it provable? Any cause of action which the plaintiff may have had arising out of the wrongful rehypothecation is, as it seems to me, barred by the discharge in bankruptcy. The claim for such rehypothecation, though perhaps in the nature of conversion, would necessarily have to be predicated upon the breach of a contract; and, if so, it was provable. Crawford v. Burke, 195 U. S. 176, 25 Sup. Ct. 9, 49 L. Ed. 147; Fechter v. Postel, 114 App. Div. 776, 100 N. Y. Supp. 207; Maxwell v. Martin, 130 App. Div. 80, 114 N. Y. Supp. 349. The plaintiff, doubtless appreciating this fact, does not base the claim here sought to be enforced upon the rehypothecation, but instead solely upon defendants' refusal to return the certificates when demanded. The Bankruptcy Act (section 63a) provides that:

"Debts of the bankrupt may be proved and allowed against his estate which are (1) a fixed liability as evidenced by a judgment or an instrument in writing, absolutely owing at the time of the filing of the petition against him, whether then payable or not, * * * (4) founded upon an open account or upon a contract express or implied. * * * "

[2] It is settled by numerous authorities that under this section a claim for breach of contract may be proved, even though the time for performance had not arrived when the petition was filed. This is upon the theory that the bankruptcy proceeding may be considered as an anticipatory breach and a complete disablement on the part of the debtor, thus rendering him liable for damages immediately upon filing the petition. In re Neff, 157 Fed. 57, 84 C. C. A. 561, 28 L. R. A. (N. S.) 349; In re Swift, 112 Fed. 315, 50 C. C. A. 264; In re Pettingill & Co. (D. C.) 137 Fed. 143; Phenix National Bank v. Waterbury, 197 N. Y. 161, 90 N. E. 435.

[3] Where one party to an executory contract puts it out of his power to perform, there is an anticipatory breach which gives the other party an immediate right of action for the damages which he suffers thereby. Roehm v. Horst, 178 U. S. 1, 20 Sup. Ct. 780, 44 L. Ed. 953; Pennsylvania Steel Co. v. N. Y. City Ry. Co., 198 Fed. 743, 117 C. C. A. 503.

Here, the bankruptcy proceeding made it impossible for the defendants to perform the contract, the legal effect of which was an out and out repudiation of the contract by the defendants or a complete disablement, and in either case the contract itself was broken. If this conclusion be correct, then it follows the plaintiff could have proved his claim in the bankruptcy proceeding. Plaintiff, however, contends that, even though he could have proved his claim, he was not obliged to do so; that he had an election either to take that

course or to wait until the note matured, and then hold defendants personally liable, a tender having been made for the amount due, in not returning the certificates upon demand. Phenix National Bank v. Waterbury, supra, is cited in support of this contention. That authority is clearly distinguishable from the case before us. There the plaintiff had made a contract to sell, at a future time, certain shares of stock. Before the arrival of the time for the completion of the contract by the delivery of the stock, defendants were adjudicated bankrupts, and the plaintiff, having omitted to prove its claim in the bankruptcy proceeding, thereafter sought to recover from the defendants the damages sustained for the breach of the contract in failing to deliver. The court held that, even though the claim were provable in bankruptcy, it could also be reserved and sued on thereafter, that the existence of the obligation under the agreement to deliver was postponed until after the date of the filing of the petition; and it said:

"The agreement of each party was one which had relation exclusively to the future, whether as to obligation or as to payment."

In the case before us at the time the petition was filed defendants were under a specific obligation to retain the collateral (subject to the right to rehypothecate) and return it to the plaintiff when the note was paid, or if a sale were had, and the proceeds derived therefrom exceeded the amount due, then to return the balance. The proceeding in bankruptcy, immediately upon the petition being filed, not only transferred to the receiver title to the note and any claim based thereon, but also the right to the possession of the collateral which had been pledged as security for its payment. By operation of law it had become impossible for the defendants, at the time the demand was made, to perform their part of the contract. This the plaintiff knew when he made the tender and demand.

[4] A tender and demand never have any legal effect when the party making them knows that the law renders it impossible for the other party to accept the tender or comply with the demand; in other words, legal rights never grow out of an impossibility. A claim for conversion is predicated upon a wrongful assumption of ownership or interference with the owner's right to possession. Industrial & General Trust, Ltd., v. Tod, 170 N. Y. 233, 63 N. E. 285.

I am unable to see how in any possible aspect of the case it can be said that the defendant's failure to return the certificates of stock at the time the demand was made therefor constituted a conversion of them. The law had made it impossible for them to make the return. They were then in the possession of the receiver, and only by paying to him the amount due upon the note could a return be obtained. The receiver clearly had the right to retain such certificates until the amount of the note was paid.

My conclusion, therefore, is that any cause of action which the plaintiff may have had against the defendants for a failure to return the certificates on payment of the note was not only provable, but that such claim did not survive the discharge in bankruptcy. If I

am right about this, then it follows that the judgment appealed from is right and should be affirmed with costs.

INGRAHAM, P. J., and LAUGHLIN and CLARKE, JJ., concur.

SCOTT, J. In my opinion this judgment should be reversed. I am unable to distinguish the case in principle from Phenix National Bank v. Waterbury, 123 App. Div. 453, 108 N. Y. Supp. 391, affirmed 197 N. Y. 161, 90 N. E. 435. In that case the dissenting opinion in this court presented forcibly all of the arguments which are now urged in support of the present judgment, including those based upon the theory of a supposed "anticipatory breach." It failed, however, to convince the majority of the court or any member of the Court of Appeals. The whole question is whether or not the plaintiff held a claim on February 1, 1910, the date of the filing of the petition in bankruptcy, which was provable in the bankruptcy proceedings for "the date of filing the petition in bankruptcy is intended to mark the line of demarkation between debts that are provable and debts that are not provable against the bankrupt's estate. Those that are not provable remain subsisting obligations of the bankrupt, and he is not released therefrom by his discharge." Colman Co. v. Withoft, 195 Fed. 250, 115 C. C. A. 222; Bankr. Act, § 63a. To be so provable, the debt must be one which is absolutely owing by the bankrupt at the time of filing the petition. Bankr. Act, § 63a. It is clear that at the time the petition in bankruptcy was filed against these defendants they owed nothing to the plaintiff. He owed them $39,000, which, however, was not presently payable. They held his securities, and were entitled to hold them and even to rehypothecate them; and, until his indebtedness was paid, they owed him no duty to return the securities or to account to him for their value, nor could any such duty arise until he had paid or tendered payment of his debt which he was not bound to anticipate. Even if, under any circumstances, the petitioning of the defendants into bankruptcy had entitled the plaintiff to anticipate the date of the maturity of his debt to them, so as to establish an anticipatory breach by them of the duty to return his securities when the debt was paid, he was under no obligation so to anticipate, but was entitled to wait until his indebtedness fell due in accordance with the terms of the note which evidenced it. It is only when the creditor so elects that he may prove an indebtedness arising out of the anticipatory breach of a contract which by its terms extends beyond the date of the filing of the petition in bankruptcy. Phenix National Bank v. Waterbury, supra; Ames v. Moir, 138 U. S. 306, 11 Sup. Ct. 311, 34 L. Ed. 951.

The case at bar differs radically from the ordinary cases of stockbrokers who hold collateral for debts owing to them by their customers. Ordinarily in such cases there is no time obligation, but the debt is always due so that the debtor may demand payment at any time, and the creditor may likewise tender payment at any time. It is in such cases that it has been held that no tender and demand is necessary on the part of the creditor, but that his claim for the value of his securities over the amount of his debt becomes due immediately

upon filing of the petition. In re Swift, 112 Fed. 315, 50 C. C. A. 264. Here the date for the payment of the note was fixed, no obligation to pay before that date was imposed upon the creditor by reason of the filing of the petition, and no right to a return of his securities arose until payment was made or tendered. It is said to be incongruous that a claim as for a conversion should be based upon a demand made at a time when, by reason of the defendants' bankruptcy, it was impossible for them to comply. It makes little difference whether this action be called an action for conversion or one for damages for the failure to fulfill the implied contract to return the securities upon the maturity and tender of the debt. In either case the obligation, whatever it be called, did not arise until the date on which the note became due, and tender of the debt was made. It may be that the bankruptcy proceedings made defendants' noncompliance with any demand that might be made upon them so certain that a demand was unnecessary, but at all events the tender and demand on the due date of the note served to transform what had been a lawful holding of the securities into an unlawful one, and established the plaintiff's right to a return of his securities as of that date. The important fact is that at the date of the filing of the petition there was no indebtedness, present or contingent, owing from the defendants to plaintiff, and therefore none which could have been proven in bankruptcy, or from which the defendants have been released by their discharge.

The judgment should be reversed; and, since the facts are undisputed and cannot be changed upon a new trial, judgment should be ordered for plaintiff, with costs.