### In re NORTHRUP.

(District Court, N. D. New York. April 26, 1920.)

Bankruptcy ⟶391(3)—Bankrupt cannot enjoin action for willful conversion.

A complaint in an action in a state court, alleging that defendant, having in his possession money which was the property of plaintiff, refused to pay over the same and converted it to his own use, *held* to charge a willful and malicious injury to property, a judgment for which, if the allegations were sustained, would not be dischargeable in bankruptcy, and the defendant, on his subsequent bankruptcy, *held* not entitled to an injunction restraining further prosecution of the action.

In Bankruptcy. In the matter of Lester D. Northrup, bankrupt. On petition by bankrupt for injunction restraining prosecution of action in state court. Denied.

The bankrupt seeks to restrain one Thomas O. Taylor from the further prosecution of a suit pending in the Supreme Court of the state of New York against him, brought by Taylor prior to the filing of the petition in bankruptcy.

For other cases see same topic & KEY-NUMBER in all Key-Numbered Digests & Indexes

John A. Johnson, of Morrisville, N. Y., for plaintiff in state court action.

W. E. Lounsbury, of Oneida, N. Y., for bankrupt.

RAY, District Judge. The allegation in the complaint in the action, the further prosecution of which is sought to be restrained, is as follows:

"That on and prior to the 23d day of May, 1918, the defendant was in possession and had in his custody the sum of $160.55, the property of the plaintiff, and was of the value of $160.55. That on the 23d day of May, 1918, and on several occasions prior thereto, at the village of Pratts Hollow, Madison county, New York, the plaintiff demanded the said money, goods, and property of the plaintiff from the said defendant. That said defendant refused and neglected to deliver the same to the plaintiff, but retained and converted the same to his own use, to the plaintiff's damage in the sum of $160.55. Wherefore plaintiff demands judgment against the defendant for the sum of $160.55, with interest from the 23d day of May, 1918, and costs of action."

While the complaint does not expressly state that the conversion was knowingly and willfully done, still it must have been, if the defendant, now bankrupt, did what the complaint says he did, and hence the conversion was a willful injury to the property of Taylor, and the claim, if sustained on a trial of the action, would not be one dischargeable in bankruptcy. If not sustained on a trial, the complaint would be dismissed; for no court would permit a judgment to go against the defendant for conversion unless the proofs sustained the allegations. The answer in that suit alleges facts which, if proved, will be complete defense to the charge of conversion. The plaintiff is entitled to a fair trial of the issue in the state court, where the action was commenced.

Not every conversion of property constitutes a willful and malicious injury to property; but, if a person knowingly and willfully takes the property of another without the owner's consent, express or implied, and appropriates it to his own use, it is difficult to understand why this act so done does not constitute a willful and malicious injury to the property of the person whose property is so taken and used. See Heaphy v. Kerr, 190 App. Div. 810–812, 180 N. Y. Supp. 542; Wood v. Fisk, 215 N. Y. 233, 109 N. E. 177; Kavanaugh v. McIntyre, 128 App. Div. 722, 112 N. Y. Supp. 987; Id., 210 N. Y. 175, 104 N. E. 135; Andrews v. Dresser, 214 N. Y. 671, 108 N. E. 1088.

I think the plaintiff, Taylor, in the action brought in the Supreme Court, county of Madison, is entitled to a trial of the issues in that court. The evidence on that trial may satisfy the court and jury that there was no conversion, in which case the claim of the plaintiff will be discharged by a discharge in the bankruptcy proceedings. The evidence may satisfy the court and jury that there was a conversion, but at the same time the conversion established by the evidence may not be such an act as constitutes a willful and malicious, or a willful or malicious, injury to the property of another. When the bankrupt applies for a discharge, if a discharge is granted, the claim of the plaintiff in the action referred to will be extinguished by the discharge, unless the record in the suit shows a willful and malicious injury to the

property of the plaintiff in the suit. Whether the discharge in bankruptcy, if granted, operates as a discharge of the claim of the plaintiff in the action referred to, will be a matter for the court to pass upon, when an effort is made by the plaintiff in that suit to enforce any judgment he may obtain against the bankrupt subsequent to his discharge. Then the discharge in bankruptcy can be pleaded as a bar to the enforcement of the judgment, and it will be the duty of the court to pass upon the question whether the plaintiff's claim, whatever the form it assumes, was discharged or released by the discharge in bankruptcy.

The motion to enjoin or stay the further prosecution of the suit in the state court should be denied, but it will be understood that this court is not now passing on the question whether or not the facts in that case will show such a conversion as constitutes a willful and malicious injury to property. As already seen, the pleadings in that suit charge a willful and deliberate conversion of the property of the plaintiff by the defendant, now bankrupt, and this is enough to require this court to deny an application to stay the plaintiff from the further prosecution of that suit.

There will be an order accordingly.