### In re BRIER.

(District Court, E. D. New York. January 19, 1925.)

**Bankruptcy ⊛391(3), 424—Claim for conversion not discharged by bankruptcy; action for conversion not stayed.**

Claim for conversion of automobiles and appropriation of the proceeds of their sale by bankrupt *held* within the exception of Bankruptcy Act, § 17, cl. 2 (Comp. St. § 9601), of liabilities for willful and malicious injuries, not released by discharge in bankruptcy, so that action thereon should not be stayed.

In Bankruptcy. In the matter of John Brier, alleged bankrupt. On motion of the Far Rockaway Securities Company, Inc., to vacate order staying it from prosecuting action against bankrupt. Motion granted.

Denenholz & Pike, of Rockaway Beach, N. Y., for bankrupt.

William S. Pettit, of Far Rockaway, N. Y., for Far Rockaway Securities Co.

GARVIN, District Judge. The Far Rockaway Securities Company, Inc., seeks to vacate an order heretofore granted staying that company from prosecuting a suit against the bankrupt upon the ground that, as the suit is in conversion, the claim is not dischargeable. The complaint alleges that a corporation known as Brier Bros., Inc., sold motor vehicles, by instruments in writing, to the Far Rockaway Securities Company, the petitioner herein, that these motor vehicles were left in the possession of the corporation by the Far Rockaway Securities Company, and that defendants (Brier Bros., Inc., Herman Brier, and John M. Brier, individually and as officers of Brier Bros., Inc.) converted the motor vehicles and converted and appropriated the proceeds of sale of said vehicles.

Under section 17 of the Bankruptcy Act (Comp. St. § 9601), a bankrupt may have a discharge in bankruptcy from all his provable debts, except those which "* * * (2) are liabilities * * * for willful and malicious injuries to the person or property of another." The claim is made that the nature of the conversion alleged in the complaint is such as to bring the matter within the charge of "willful and malicious injuries" to personal property.

Whatever confusion existed in reference to the meaning of this clause has been settled by the United States Supreme Court in *McIntyre v. Kavanaugh*, 242 U. S. 138, 37 S. Ct. 38, 61 L. Ed. 205. In that case a broker who had sold corporate stocks in excess of the debt for which they had been pledged, as security, and had appropriated the proceeds of sale, without the knowledge or consent of the owner of the stocks, was held to have caused "willful and malicious injury to the property," within the meaning of clause 2, section 17. The opinion reads in part:

"To deprive another of his property forever by deliberately disposing of it without semblance of authority is certainly an injury thereto within common acceptation of the words. Bouvier's Law Dictionary, 'Injury.' And this we understand is not controverted; but the argument is that an examination of our several Bankruptcy Acts and consideration of purposes and history of the 1903 amendment will show Congress never intended the words in question to include conversion. We can find no sufficient reason for such a narrow construction. And instead of subserving the fundamental purposes of the statute it would rather tend to bring about unfortunate if not irrational results. Why, for example, should a bankrupt who had stolen a watch escape payment of damages but remain obligated for one maliciously broken? To exclude from discharge the liability arising from such transactions as those involved in Crawford v. Burke, 195 U. S. 176, and here presented, not improbably was a special purpose of the amendment."

See, also, Baker v. Bryant Fertilizer Co. (C. C. A.) 271 F. 473, which follows the case of McIntyre v. Kavanaugh, supra, and Matter of Northrup (D. C.) 265 F. 420.

The motion to vacate the stay is granted.