ALBERT D. PERRY, Plaintiff, *v.* HOWARD G. STURDEVANT, Defendant.

Supreme Court, Monroe County, December 8, 1926.

Bankruptcy — claims provable — action on contract whereby defendant agreed to repurchase certain stock which he had theretofore sold plaintiff — defendant included plaintiff's claim in bankruptcy petition and claims release from obligations of contract by reason of discharge in bankruptcy — plaintiff's claim was not " a fixed liability " owing at time of filing bankruptcy petition, within meaning of Bankruptcy Act, § 63-a, subd. 1 — debt under contract not provable in defendant's bankruptcy proceeding and plaintiff may recover.

Defendant, who executed a contract with the plaintiff, wherein he agreed to repurchase certain stock, which he had sold the plaintiff, at the expiration of one year from the date of the contract at the election of the plaintiff in writing, cannot be relieved from the obligation under said contract by reason of his discharge in bankruptcy, notwithstanding the fact that he included plaintiff's claim in his bankruptcy petition, for at the time of the filing of said petition plaintiff's claim was not " a fixed liability " owing, within the meaning of subdivision 1 of section 63-a of the Bankruptcy Act, particularly where at the date of the filing of the bankruptcy petition plaintiff could not maintain any action against the defendant in which damages could be assessed. Since the debt under the contract was not provable in defendant's bankruptcy proceeding, defendant was not discharged therefrom, and plaintiff may recover.

ACTION upon a contract.

*John Van Voorhis' Sons* [*John Van Voorhis* of counsel], for the plaintiff.

*Carnahan, Pierce & Block* [*Wilton A. Block* of counsel], for the defendant.

STEPHENS, J. On December 3, 1923, the plaintiff bought from the defendant seventy shares of the capital stock of the Arrow Printing Company for the sum of $4,000 and the plaintiff paid for them by check dated on that day; thereupon two certificates of ownership of thirty-five shares each were issued, one to the plaintiff

and one to his wife; the certificates are undated but it is a fair inference that they were issued on the day the check is dated; coincident with the purchase and sale of the stock, the parties entered into an agreement " made this —— day of December, 1923; ". by the terms of the contract the defendant, in part consideration of the said sale and for other good and valuable considerations, agreed to buy back from the plaintiff the seventy shares of stock at the same price the plaintiff had paid for them, at the expiration of one year from the date of the contract, at the election of the plaintiff, the election, however, to be made in writing and delivered to the defendant by the plaintiff within six months after the expiration of the year; that is " on or before the —— day of May, 1925," and the defendant was to have sixty days thereafter within which to consummate the repurchase of the stock.

On April 28, 1925, the plaintiff delivered to the defendant a written election that the latter repurchase the stock in accordance with the contract; on the defendant's refusal to do so, this action was brought.

The defendant claims to be released from the obligations of the contract by reason of his discharge in bankruptcy; on October 24, 1924, the defendant filed his petition in bankruptcy and was adjudicated a bankrupt on that date; the plaintiff's debt was included in his schedules and the plaintiff had notice of all the steps in bankruptcy proceedings to which creditors were entitled to notice, including the defendant's application to be discharged; on March 17, 1925, the defendant was duly discharged.

The plaintiff's position is that the obligation of the contract upon which the action is founded is in no way affected by the discharge in bankruptcy, for the reason that the debt created by it was not a fixed liability at the time of the filing of the petition in bankruptcy; that it was not, therefore, provable as a claim and consequently not discharged; he relies with confidence upon the authority of *Phenix National Bank* v. *Waterbury* (197 N. Y. 161).

The defendant, with equal assurance, insists that the doctrine of that case is not controlling here, frankly challenging the correctness of the decision in the light of later adjudications, and argues with great earnestness that the claim here under scrutiny was provable in the bankruptcy proceedings and was consequently obliterated by the defendant's discharge.

The plaintiff stands upon subdivision 1 of section 63-a of the Bankruptcy Act (30 U. S. Stat. at Large, 562) while the defendant plants himself firmly upon subdivision 4 of that section; our problem is to discover whether the plaintiff's claim was provable in the bankruptcy proceedings and upon the nature of the discovery

decision hangs, for a discharge in bankruptcy releases a bankrupt from all of his provable debts, with certain exceptions not pertinent here. (Bankruptcy Act, § 17; 30 U. S. Stat. at Large, 550, chap. 541, as amd. by 42 id. 354, chap. 22.)

It may be assumed at the threshold of our inquiry that the plaintiff's claim was not " a fixed liability as evidenced by a judgment or an instrument in writing, absolutely owing at the time of the filing of the petition " in bankruptcy and was, therefore, not provable by virtue of the provisions of said subdivision 1 of section 63 of the act; if the claim were one " founded upon an open account, or upon a contract express or implied " (Subd. 4) and was susceptible to proof, it was a provable claim from which the defendant was discharged, and the plaintiff's cause of action must fail; if, too, it was not susceptible to proof under this subdivision, the plaintiff is entitled to recover.

The apparent simplicity of the statement of the question to be decided but faintly suggests the difficulty in reaching a satisfactory conclusion and this difficulty is due not so much to the lack of directing authorities as it is to the number of cases in which the provability of claims has been discussed both in the Federal and State courts, in which there is found great divergence of opinion.

The *Phenix Bank* case, above referred to, presents a situation quite identical to that which we find here; one differentiating circumstance, however, being that in the contract here under scrutiny there was no reciprocal obligation upon the plaintiff to sell the stock to the defendant as there was in the contract involved in the other case and the ultimate contract liability being in no event, contingent upon the election of either party; the determination of the issues in that case would necessarily be decisive here, as the plaintiff contends, if the court there, in addition to deciding that the debt to the plaintiff, was not a " fixed liability as evidenced by a judgment or an instrument in writing absolutely owing at the time of the filing of the petition " in bankruptcy, had also held that it was not " founded upon an open account or upon a contract express or implied; " the reported opinion indicates that only the first of this class of claims was considered and the claim in controversy being found not of that character; from an examination of the record on appeal (Vol. 3219, Cases in Court of Appeals, Law Library, Rochester) it appears that the defendants made no claim for immunity from liability except upon the theory that the claim was of the nature defined in said subdivision 1.

At the date of the filing of the petition there was no existing obligation upon the defendant to make any payment to the plaintiff and whether such an obligation should thereafter arise under the

contract depended upon the exercise of the plaintiff's option that the defendant redeem the stock by repaying to the plaintiff the amount that the latter had paid the defendant for it; that option was not exercised until the time for making it had nearly expired, several months after the petition in bankruptcy was filed and more than a month after the discharge was granted; not until then was either the liability of the defendant fixed or did any obligation under the contract, except the contingent one, exist; the defendant, as above indicated, never had the right to demand the redelivery of the stock to him and only at the plaintiff's election was he obliged to redeem it.

The defendant relies upon the doctrine of the anticipatory breach of the contract by virtue of the adjudication in bankruptcy, by which the defendant was disabled from the performance of his obligation and that then the defendant's liability was determined; this subject was evidently debated by the Appellate Division in the *Phenix Bank Case* (123 App. Div. 453) and also in *Wood* v. *Fisk* (156 App. Div. 497; affd., 215 N. Y. 233); the Court of Appeals made but slight reference to the doctrine of an anticipatory breach and placed its decision in each case on other grounds; the Appellate Division of the First Department, before which both cases came, later referred in *Drake* v. *Hodgson* (192 App. Div. 676) to the failure of the court of last review to go into this question in the *Wood* case but predicted that, if it had done so, it would have followed the opinion in the court below; it is further stated that the law has now been settled in *Central Trust Co.* v. *Chicago Auditorium* (240 U. S. 581).

In the case last above referred to the court departed from the rule that it had previously laid down in *Zavelo* v. *Reeves* (227 U. S. 625) " that the debts founded upon open account or upon contract, express or implied, that are provable under § 63a 4, include only such as existed at the time of the filing of the petition in bankruptcy," and approved the rule stated in *Matter of Pettingill & Co.* (137 Fed. 143) that " if the bankrupt, at the time of bankruptcy, by disenabling himself from performing the contract in question, and by repudiating its obligation, could give the proving creditor the right to maintain at once a suit in which damages could be assessed at law or in equity, then the creditor can prove in bankruptcy on the ground that bankruptcy is the equivalent of disenablement and repudiation."

Applying this later approved test to the situation as we find it here, it is clear that the plaintiff could not, at the time the petition in bankruptcy was filed, " maintain at once a suit in which damages could be assessed; " it is true that he could have advanced

the time at which the defendant would have been liable under the contract by giving an earlier notice after December 3, 1924, and the defendant's liability would have been fixed prior to the date of his discharge; it is argued on behalf of the defendant that the situation is quite analogous to that where a creditor has the choice to bring an action upon contract or in tort and chooses the latter course instead of waiving the tort and proving his claim upon contract (*Crawford* v. *Burke*, 195 U. S. 176; *Tindle* v. *Birkett*, 183 N. Y. 267; affd., 205 U. S. 183); the analogy, however, is not complete; there was no present obligation either on contract or in tort and the plaintiff, in delaying his election, was exercising only the rights which the contract gave him; if there were an option in the plaintiff to fix the character of the debt, the defendant also had the privilege of doing so by deferring his petition until the claim under the contract matured; while not precisely informed, it can be safely said that the plaintiff's alleged claim constituted a large part of the defendant's listed liabilities.

After a review of all the authorities that have been brought to my attention or which have been uncovered in an independent search, I reach the conclusion that the debt of the defendant, arising under the contract, was not provable in the bankruptcy proceedings and that the plaintiff, therefore, is entitled to recover.

Findings, in accordance herewith, may be submitted for signature.