HENRY D. BROWN, Plaintiff, *v.* JAMES M. HOYT and Others, Defendants.

Supreme Court, New York County, November 23, 1932.

*Hughes, Schurman & Dwight* [*John F. Caskey* and *John R. McCullough* of counsel], for the plaintiff.

*Kaufman & Weitzner* [*Samuel H. Kaufman* and *Emil Weitzner* of counsel], for defendants James M. Hoyt and Gerald W. Hoyt.

*Garey & Garey* [*Samuel H. Kaufman* and *Emil Weitzner* of counsel], for defendants Felix T. Hughes and Laurence S. Critchell.

*Root, Clark, Buckner & Ballentine* [*Melbourne Bergerman* of counsel], for defendants G. Lisle Forman, Morrison B. Orr and James H. Stark.

GAVEGAN, J. In this action for conversion plaintiff has the burden of proving allegations to the effect that the conversion constituted a " willful and malicious " injury to property and that, accordingly, a discharge in bankruptcy is not a bar to plaintiff's claim. (Nat. Bank. Act, § 17, subd. 2; U. S. Code, tit. 11, § 35.)

Pending sale at a stated price plaintiff had intrusted securities to defendants, then doing business as stockbrokers, for safekeeping. He was not speculating or dealing on margin and he was not indebted to the brokers to any extent whatsoever. They had no authority to hypothecate his stock. Nevertheless it was pledged and, the brokers having become bankrupts, the pledgee sold it in the course of applying collateral to the payment of the indebtedness of the brokers, with the result that the stock was lost to plaintiff.

That solely on these facts, prior to the adoption of section 956 of the Penal Law (added by Laws of 1913, chap. 500), the conversion would not have been " willful and malicious " is shown by *Wood* v.

*Fisk* (215 N. Y. 233), where it was said (at p. 241): " The repledge, unlike a sale, left the general property in the plaintiff; it gave rise, until followed by · bankruptcy, to nominal damages only; and so far as there was any willful conversion, it was, therefore, partial and technical rather than absolute and malicious. Whether this would be true today, since the enactment of recent statutes under which the wrongful repledge of securities by stockbrokers is made a felony (Penal Law, section 956; L. 1913, ch. 500), we do not now decide. The rights of the parties must be adjudged according to the law as it stood when the wrong was done."

This reference to the Penal Law was stressed in *Heaphy* v. *Kerr* (190 App. Div. 810; 232 N. Y. 526), where the brokers were held not released, by a discharge in bankruptcy, from a claim based on conversion of securities repledged without authority.

Plaintiff is forced to rely upon *Heaphy* v. *Kerr* (*supra*), and its proper application it is necessary to consider.

Plaintiff also points to *Kavanaugh* v. *McIntyre* (128 App. Div. 722; affd., 210 N. Y. 175; affd., 242 U. S. 138). But the result reached there was due to evidence of intentional injury, repeated sales of the customer's securities for the benefit of the brokers, over a period of weeks, establishing deliberate wrongdoing.

Relying upon *Heaphy* v. *Kerr* (*supra*), plaintiff contends that " conversion of securities by a stockbroker, now that section 956 of the Penal Law has been enacted, is *per se* excepted from discharge in bankruptcy."

For defendants it is contended that the rule of *Heaphy* v. *Kerr* (*supra*) will be applied only where the hypothecation of a customer's securities is in violation of section 956 of the Penal Law, under which no crime could be proved unless the conversion was due to an act or omission by or on behalf of the accused implying his consent or assent.

It is certain that in an action for conversion a discharge in bankruptcy is a bar unless the injury was " willful and malicious " within section 17, subdivision 2 of the National Bankruptcy Act. The true meaning of that Federal statute cannot be limited or extended by an act of a State Legislature or by a ruling of a State court.

The opinion of Smith, J., in *Heaphy* v. *Kerr* (*supra*) would seem to imply that our Appellate Division thought the record sufficient to indicate a violation of section 956 of the Penal Law. Such a violation is not shown here, by a preponderance of proof, by any degree of proof, or by anything other than speculation as to how the hypothecation of plaintiff's stock occurred. Though we give full consideration to the fact that the brokers were wholly without authority to use plaintiff's securities as well as to the difficulties

confronting him, as an outsider, in proving what may have occurred inside defendants' office, we are still confronted with a record as consistent with a finding of innocent mistake as with one of " willful and malicious " injury.

The decision in *McIntyre* v. *Kavanaugh* (242 U. S. 138) was that a deliberate injury or a willful disregard of duty might be held to be " willful and malicious " as " against good morals and wrongful in and of itself." (*Tinker* v. *Colwell*, 193 U. S. 473, 487.) We are not to assume that the Appellate Division or the Court of Appeals in *Heaphy* v. *Kerr* (*supra*) intended anything conflicting with the decisions of the Supreme Court of the United States on a Federal question.

The record here is insufficient to bring the conversion within section 956 of the Penal Law, there being no evidence to indicate consent or assent on the part of the brokers, and it is in all other respects insufficient to sustain the burden of proof imposed on plaintiff, on any theory as to the facts.

There will be judgment for defendants. Settle order.