## HENDERSON et al. v. AMERICAN SERVICE CO.

### District Court, M. D. North Carolina.

### Nov. 6, 1940.

J. J. Henderson, of Burlington, N. C., for plaintiffs.

Smith, Wharton & Hudgins, of Greensboro, N. C., for defendant.

HAYES, District Judge.

The only question of law involved in this case which presents any difficulty is the question whether the reorganization of the American Service Co. under Section 77B, Bankr.Act, 11 U.S.C.A. § 207, operates as a discharge of the defendant and its property against the claim as asserted.

The American Service Co. owned all the common and subsequently acquired all of the preferred stock in the Community Ice Co. and on the 31st of August, 1929, caused all of the assets of the Community Ice Co. including the fund in question, transferred to itself, and it assumed all of the contracts and obligations of the Community Ice Co. The escrow fund was shown on the books of the Community Ice Co. but was not carried as a separate item on the books with American Service Co. nor as an escrow fund. The escrow fund arose by the deposit of 250 shares of stock by Hardin and Henderson with the Community Ice Co. to hold in trust until Hardin and Henderson could discharge certain liens on property which they had been instrumental in conveying to the Community Ice Co. Upon the satisfaction of these liens the escrow was to be returned to Hardin and Henderson. It was later agreed that this stock should be converted into cash and the fund held in escrow under the same conditions as the stock. The Community Ice Co. discharged the liens by paying the same which left a balance in its hands of $1,523.36 and according to its records this fund was held in its possession as the property of Hardin and Henderson. The American Service Co. took it with full knowledge of these facts

and instead of turning the money over to Henderson and Hardin, it neglected and failed to keep the fund separate from its other funds. On June 12, 1934, the American Service Co. filed a petition under the provisions of Section 77B of the Bankruptcy Act, as amended, in the United States District Court for the Western District of Missouri and notice was given to Harry L. Burke, the trustee, to creditors, bondholders, and stockholders. There was nothing on the records of the American Service Co. indicating that it held any fund in trust for Hardin and Henderson but it did show an account due them of $1,523.36 as cash with the American Service Co. on December 31, 1933. On December 5, 1934, a final decree was entered discharging the American Service Co. from all of its debts, claims and liabilities, whether or not such claims had been filed and restraining all creditors of, claimants against, and stockholders of the debtor from instituting or prosecuting any suits or proceedings at law or in equity against the American Service Co. or any of the assets or property of the debtor directly or indirectly. The plaintiffs did not file a claim for the escrow fund or any part thereof. Indeed there was nothing to indicate that they had knowledge of the fact that the American Service Co. treated this fund as an asset belonging to it.

■. The special master was of the opinion that the American Service Co. which acquired the assets under the reorganization pursuant to the provisions of section 77B of the Bankruptcy Act was not discharged from this liability, on the theory that the American Service Co. converted the escrow to its own use which constituted a willful and malicious injury to the property of the plaintiffs and he concluded that the defendant, the American Service Co., is not discharged, relying on Section 17(2), 11 U. S.C.A. § 35(2); In re Keeler, D.C., 243 F. 770; MacIntyre v. Kavanaugh, 242 U. S. 138; 37 S.Ct. 38, 61 L.Ed. 205; In re Northrup, D.C., 265 F. 420.

■ In addition to the reasons assigned by the special master, there seems to me a stronger reason why the American Service Co. is not entitled to retain the balance of the escrow. The Community Ice Co. never did have title to the $10,000 worth of common stock which was deposited with it in escrow for the purposes above stated. The conversion of the stock into cash under the same terms left the title to the fund in the parties who had deposited the stock subject to the provisions of the escrow, that the liens will be discharged and the Community Ice Co. saved harmless by virtue of the liens. The liens were discharged out of the fund and the purposes of the escrow were consummated and the balance of the fund constituted the property of Hardin and Henderson and the Community Ice Co. had no title whatever thereto. If it had no title to the fund it certainly could not convey any to the American Service Co. who took it with the knowledge that the property was not the property of the Community Ice Co. The American Service Co. had no title to it, never did have any, and when it went into bankruptcy the trustee acquired no title. It may be contended that the American Service Co. converted the fund and that it is discharged in bankruptcy under section 77B from any liability on account thereof. Indeed this was the holding of the special master. It had cash on hand when it went into bankruptcy and it had full knowledge of all of these facts when it procured the discharge in bankruptcy. Under these conditions I am of the opinion that the American Service Co. was not discharged from this liability nor was the property itself discharged from it. I conceive it to be the purpose of 77B of the Bankruptcy Act to release the bankrupt from all of its debts and to discharge its bankruptcy from any conflicting claims that might be asserted against it, but I do not conceive it to be the purpose of the act to take the property of the third party which is in no wise the bankrupt, and by this process deprive the rightful owner of his property. It is to be borne in mind here that the American Service Co. had no real title to this property and the bankruptcy proceeding did not take the title away from the true owner and give it to a wrongdoer.