CLIFTON DISTRICT COURT..

DE VOE AND CO., A NEW JERSEY CORPORATION, PLAIN-
TIFF, v. JOSEPH R. CURRIE, DEFENDANT.

Decided November 7, 1941.

For the plaintiff, *Joseph J. Corn.*

For the defendant, *Greenburg, Wilensky & Feinberg.*

COLLESTER, D. C. J.   This matter is before this court on
application by the defendant to set aside a wage execution.
issued in this cause on the ground that the ·defendant has
been adjudicated and discharged as a bankrupt by the United
States District Court.

The primary question for determination is whether or not
the debt of the defendant as reduced to judgment is released
by defendant's discharge in bankruptcy, or falls within the
exception to the statute relating to willful and malicious
injury to the person or property of another (section 17, sub-
division 2, United States Bankruptcy Act).

The action brought by the plaintiff corporation was in two
counts, the first alleging that the defendant "without plain-
tiff's knowledge or consent, unlawfully took said truck from
plaintiff's possession and unlawfully converted the same to
his own use."   The second count which was abandoned on
the day of the trial by the plaintiff alleged that the plaintiff
made certain payments "in and concerning the Chevrolet
truck" namely:

| | |
|---|---|
| Paid October, 1937, as down payment | $25.00 |
| July 11th, 1938, last payment to GMAC | 80.09 |
| Repair bill—new head, gasket, valves, etc. | 35.85 |
| Tire and tube | 14.00 |
| Body | 25.00 |
| **Total** | **$211.34** |

On the day set for trial, the defendant did not appear to contest the issue and judgment was entered for the plaintiff in the sum of $350 upon presentation of evidence in support of the first count of the state of demand.

The defendant contends that the state of demand did not set forth a cause of action for "willful and malicious injury" to plaintiff's property, and that therefore the debt is barred by the subsequent discharge in bankruptcy. The plaintiff contends that the allegation of "unlawful" taking of the truck and "unlawful" conversion to the defendant's own use is sufficient to bring the act within the exception of the statute.

It is the opinion of this court that the decision of Mr. Justice Cardozo in the case of *Davis* v. *Aetna Acceptance Co.,* 293 *U. S.* 328; 55 *S. C. Rep.* 151, controls the matter *sub judice.* In that case, Davis, an automobile dealer, sold to a purchaser an automobile encumbered by a chattel mortgage held by Aetna Acceptance Co. in contravention of an agreement which required the consent of the chattel mortgagee before such a sale. Mr. Justice Cardozo stated:

"There is no doubt that an act of conversion, if willful and malicious is an injury to property within the scope of the exception (citing *McIntyre* v. *Kavanaugh,* 242 *U. S.* 128) but a willful and malicious injury does not follow as of course from every act of conversion, without reference to the circumstances. There may be a conversion which is innocent or technical, an unauthorized assumption of dominion without willfulness or malice. (Citing *Boyce* v. *Brockway,* 31 *N. Y.* 490; *Laverty* v. *Snetan,* 68 *N. Y.* 522; *Wood* v. *Fisk,* 215 *N. Y.* 233, and others.)

"There may be an honest but mistaken belief engendered by a course of dealing, that powers have been enlarged or

incapacities removed. In these and like cases, what is done is a tort, but not a willful and malicious one."

The first count of the state of demand filed in this cause alleges only that there was an unlawful taking and an unlawful conversion of the truck. Every exercise of dominion over the chattel of another without the owner's consent is an "unlawful act." So, too, is the taking of a chattel without the owner's consent. But as the learned justice points out in the Davis case (*supra*) "there may be a conversion which is innocent or technical, an unauthorized assumption of dominion without willfulness or malice."

It is therefore the opinion of this court that the state of demand filed by the plaintiff herein, together with the evidence in support thereof neither alleges nor establishes the "willfulness and malice" required to place the debt within the exception to the statute.

Plaintiff further alleges that defendant's application comes too late for relief. Plaintiff's counsel apparently confuses the present procedure with an application for a new trial which is not the case. A motion to vacate a wage execution is always proper provided legal grounds exist therefor.

Nor is the issue *res adjudicata* because defendant's prior application was denied by this court. *Finkel* v. *Roberts,* 127 *N. J. L.* 132; 21 *Atl. Rep.* (*2d*) 306.

It is the decision of this court that the wage execution issued in this cause shall be vacated and that the plaintiff shall be perpetually restrained from the execution of said judgment. Defendant will submit an order in accordance with this opinion.