BENJAMIN O. BRANE, Plaintiff, *v.* H. JOHN LE FEVRE, Defendant.

County Court, Onondaga County, August 22, 1945.

*George P. Savage* for defendant.

*Harold S. Adcook* for plaintiff.

MALPASS, J. This is a motion on behalf of the above-named defendant to vacate and set aside an order of this court author-

izing the issuance of a garnishee execution against the wages of the defendant.

The plaintiff recovered a judgment against the defendant in the Municipal Court of the City of Syracuse on the 15th day of July, 1938, in the sum of $591.28 and a transcript of the judgment was filed in the Onondaga County Clerk's Office July 18, 1938. Payments have been made on the judgment at various times but there still remains unpaid a balance of about $320.

The defendant, on May 9, 1944, was adjudicated a bankrupt in United States District Court for the Northern District of New York. It appears without dispute that the judgment debt above mentioned was duly scheduled by the bankrupt and that the plaintiff had due notice of the defendant's bankruptcy and the proceedings in connection therewith. The defendant procured his discharge in bankruptcy on September 26, 1944. The order authorizing the issuance of the garnishee execution against the defendant's wages was entered April 27, 1945.

It is the contention of the defendant that the judgment debt was discharged in bankruptcy and that plaintiff is not entitled to any execution to enforce collection of the unpaid balance of the judgment.

The plaintiff claims that the judgment was for a debt by law excepted from the operation of a discharge in bankruptcy and that the defendant and his property remain liable to legal process for the collection of the judgment.

The affidavits filed on this motion and the pleadings in the action, which resulted in the judgment, establish that the plaintiff, in November, 1937, delivered to the defendant, who was engaged in the business of selling automobiles, a De Soto automobile for the purpose of having the defendant sell the same. The complaint alleged that " almost immediately after delivery of said automobile to the defendants, and without the knowledge of this plaintiff, the defendants, their agents or employees, sold the said automobile and the proceeds of said sale, the amount of which is unknown to this plaintiff, and the said automobile have been wrongfully converted to the use of the defendants." The answer of the defendant admitted that the automobile was delivered to him for the purpose of sale but that the sale price was to be $400 and not $500 as claimed by plaintiff and denied the sale by the defendant of the automobile and conversion of the proceeds thereof as alleged in the plaintiff's complaint. The answer further alleged that the automobile " was returned to the plaintiff herein or his agent, on or about the 9th day of November, 1937, and *that thereafter the brother of said plain-*

*tiff delivered the auto to the defendant, H. John LeFevre, and William Dorff."* The answer further alleged that William Dorff sold the automobile and retained the money and that the defendant Le Fevre had received none of the proceeds.

The action was tried before a judge of Municipal Court, without a jury, who rendered a verdict as follows: "I find in favor of the plaintiff against the defendant H. John LeFevre in the sum of Five hundred dollars and interest." There is no finding to the effect that the conversion was malicious or willful, nor was there any such allegation in the complaint.

The affidavits submitted by the defendant in support of his application state that after plaintiff delivered the automobile to him for sale, he (the defendant) made some repairs upon the automobile and made various attempts to sell the automobile; that after about three weeks and before he, the defendant, had effected a sale of the automobile, he delivered the automobile over to Kenneth Brane, a brother of the plaintiff, who informed the defendant that he had a prospective buyer for the automobile. The defendant, in his affidavit, says that he assumed that Kenneth Brane, plaintiff's brother, was acting with the authority of the plaintiff and that he delivered the automobile and title papers to plaintiff's brother and did not again have possession of the automobile. The defendant says that he did not sell the automobile to any purchaser nor did he receive any part of the money for which said automobile was sold. The defendant admits that at the time of the trial he was unable to prove, and does not presently claim, that the plaintiff had given any authority to his brother, Kenneth Brane, to request and accept delivery of the automobile from the defendant. The details set forth in defendant's affidavit are not controverted by any substantial proof submitted in behalf of plaintiff. Counsel for the defendant admits that the judgment is for conversion but he asserts that it was not such a conversion as to constitute a willful and malicious injury to property of the plaintiff as to render it nondischargeable in bankruptcy.

Section 17 of the Bankruptcy Act (U. S. Code, tit. 11, § 35) provides that a discharge in bankruptcy shall release a bankrupt from all of his provable debts which have been duly scheduled in the bankruptcy proceedings, with certain exceptions, among which are liabilities for willful and malicious injuries to the property of another. All conversions are not to be deemed as " willful and malicious " within the meaning of the Bankruptcy Act. The burden rests upon the plaintiff to show that the defendant intentionally and maliciously converted the auto-

mobile without just cause or excuse and knowing it would necessarily cause him harm. (*Kreitlein* v. *Ferger*, 238 U. S. 21; *Brown* v. *Hoyt*, 145 Misc. 915.) In the case of *Brown* v. *Garey* (267 N. Y. 167, 170) Judge CROUCH said: " Since a wrongful intent is not an essential element of conversion * * * an act of dominion done under mistake or misapprehension, and without conscious intent to violate right or authority, may yet be a conversion; but it is not a willful and malicious conversion. Even though the mistake or misapprehension is due to negligence, the rule can be no different."

Plaintiff's counsel stresses the fact that the trial court endorsed upon his decision the words " Tort judgment with body execution " and that the bankruptcy court refused a stay of garnishee execution pending the bankruptcy proceedings. Plaintiff undoubtedly was entitled to a body execution by reason of the fact that the judgment was for conversion. (Civ. Prac. Act, § 826.) This fact has no bearing on the dischargeability of the judgment in bankruptcy. (*In Re Millkofsky*, 17 F. Supp. 127; *Nossek* v. *Todd & Son*, 160 Misc. 528.) The denial of a stay of garnishee execution in the bankruptcy court is not an adjudication that the judgment is not dischargeable in bankruptcy. It has been held that a bankruptcy court does not have jurisdiction to finally determine the question of dischargeability. (*In Re Bernard*, 280 F. 715.)

In my opinion the plaintiff has failed to sustain the burden of establishing that the judgment herein was for a willful and malicious injury to property and therefore excepted from discharge in the bankruptcy proceedings.

In my opinion this judgment was discharged and an order may be entered herein vacating and setting aside the garnishee execution heretofore authorized and directing any moneys collected thereunder to be delivered to the defendant.